UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------x

HEALEY ALTERNATIVE INVESTMENT
PARTNERSHIP,

            Plaintiff,

vs.

            No. 10-01567 (RMB) (KMW)

ROYAL BANK OF CANADA and RBC DOMINION
SECURITIES CORPORATION n/k/a RBC CAPITAL
MARKETS, LLC,

            Defendants.

------------------------------x

**CLAWBACK AGREEMENT AND ORDER APPROVING
CLAWBACK AGREEMENT**

      AGREEMENT dated as of April 13, 2012 (the "Effective Date"), by and between plaintiff Healey Alternative Investment Partnership ("Plaintiff"), on the one hand, and defendants Royal Bank of Canada and RBC Dominion Securities Corporation (n/k/a RBC Capital Markets, LLC) ("Defendants"), on the other hand (collectively, the "Parties") concerning the production and receipt of electronically stored information and documents in *Healey Alternative Investment Partnership v. Royal Bank of Canada et al.*, Case No. 10-01567 (United States District Court for the District of New Jersey) (the "Litigation").

      WHEREAS, the Parties have begun to engage in discovery and are entering into this Agreement (the "Clawback Agreement") to define their respective rights and obligations regarding Inadvertently Produced Documents (as defined below) produced by either party in the Litigation;

      NOW, THEREFORE, the Parties hereby agree as follows:

      1.    For purposes of this Clawback Agreement, an "Inadvertently Produced

Document" is a document produced by either party that could have been withheld, in whole or in part, based on a colorable claim of attorney-client privilege, work-product protection, or other applicable privilege, but that was produced inadvertently.

2. For purposes of this Clawback Agreement: Plaintiff shall be the "Producing Party" with regard to electronically stored information and documents produced by Plaintiff and/or all of its divisions, parents, subsidiaries, affiliates or related entities, their past, present and future officers, directors, trustees, members, shareholders, partners, insurers, attorneys, legal representatives, employees and agents and all of their respective heirs, executors, administrators, successors and assigns, and Defendants shall be the "Receiving Party"; Defendants shall be the "Producing Party" with regard to electronically stored information and documents produced by Defendants and/or and all of their divisions, parents, subsidiaries, affiliates or related entities, their past, present and future officers, directors, trustees, members, shareholders, partners, insurers, attorneys, legal representatives, employees and agents and all of their respective heirs, executors, administrators, successors and assigns, and Plaintiff shall be the "Receiving Party".

3. Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

4. A Producing Party may request the return of any Inadvertently Produced Document, which request shall be made to the Receiving Party in writing and shall contain information sufficient to identify the Inadvertently Produced Document. The Producing Party shall, within five (5) business days of the request seeking the return of the Inadvertently Produced Document, provide the Receiving Party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the Producing Party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the Producing Party believes is subject to a claim of privilege.

5. Upon receipt of a written request for return of an Inadvertently Produced

Document, the Receiving Party shall immediately cease any use, dissemination, disclosure, reproduction, or transmittal of the Inadvertently Produced Document (and any copies thereof) and all electronic versions thereof. In the event that the Receiving Party does not object to the Producing Party's designation of the document as an Inadvertently Produced Document, it shall be promptly returned to the Producing Party's counsel or destroyed.

6. A Receiving Party may object to the Producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of their receipt of a written request for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the Receiving Parties shall not use, disseminate, disclose, reproduce, or transmit any documents that are claimed to be Inadvertently Produced Documents for any purpose.

Dated: April 13, 2012

KATTEN MUCHIN ROSENMAN LLP

By: /s/ William M. Regan
    Scott A. Resnik, Esq.
    Bruce G. Vanyo, Esq.
    William M. Regan, Esq.

*Attorneys for Defendants Royal Bank of Canada and RBC Dominion Securities Corporation (n/k/a RBC Capital Markets, LLC)*

FOX ROTHSCHILD LLP

By: /s/ Ernest E. Badway
    Ernest E. Badway, Esq.

*Attorneys for Plaintiff Healey Alternative Investment Partnership*

## ORDER

The Court approves the above and foregoing Clawback Agreement.

IT IS SO ORDERED.

Dated: April 26th 2012

Hon. Karen M. Williams, U.S.M.J.