Ernest Edward Badway, Esq.
**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068-1600
Tel: (973) 994-7530
Fax: (973) 992-9125
*Attorneys for Plaintiff Healey Alternative*
*Investment Partnership*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| – – – – – – – – – – – – – – – – – – – – – – – – – x | |
| HEALEY ALTERNATIVE INVESTMENT PARTNERSHIP, | No. 10-01567 (RMB) (KMW) |
| Plaintiff, | |
| vs. | **DISCOVERY CONFIDENTIALITY ORDER** |
| ROYAL BANK OF CANADA and RBC DOMINION SECURITIES CORPORATION a/k/a RBC CAPITAL MARKETS CORPORATION, | |
| Defendants. | |
| – – – – – – – – – – – – – – – – – – – – – – – – – x | |

THIS MATTER having been brought before the Court, upon the joint application of the parties, Plaintiff Healey Alternative Investment Partnership ("Healey"), and Defendants, Royal Bank of Canada ("RBC") and RBC Dominion Securities Corporation (n/k/a RBC Capital Markets, LLC) ("RBCD", and, together with RBC, "Defendants"), (collectively the "Parties"), and all of their divisions, parents, subsidiaries, affiliates or related entities, their past, present and future officers, directors, trustees, members, shareholders, partners, insurers, attorneys, legal representatives, employees and agents and all of their respective heirs, executors, administrators, successors and assigns, for the issuance of a Discovery Confidentiality Order; and the parties, through their counsel, having agreed to the form and entry of this Discovery Confidentiality

1

Order, as evidenced by the signatures of their counsel below; and for the reasons set forth on the record; and for other good cause shown;

IT IS on this 26th day of _April_, 2012, ORDERED as follows:

1.    "Party" or "Parties" shall refer to plaintiff Healey and/or defendants RBC and RBCD, and all of their divisions, parents, subsidiaries, affiliates or related entities, their past, present and future officers, directors, trustees, members, shareholders, partners, insurers, attorneys, legal representatives, employees and agents and all of their respective heirs, executors, administrators, successors and assigns.

2.    All documents, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery in this Action (including deposition transcript pages designated pursuant to paragraph 10 herein and discovery obtained from third parties) containing, comprising or referring or relating to confidential facts, matters, data and/or information shall be considered confidential information ("CONFIDENTIAL INFORMATION"), subject to this Discovery Confidentiality Order if designated by the producing Party or receiving Party as "CONFIDENTIAL" or, for especially sensitive documents, "CONFIDENTIAL ATTORNEYS EYES ONLY". The producing Party or receiving Party may designate material as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" on every page of each document so designated, by designating the material as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" in a cover letter transmitted with the enclosed documents, or by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" on the outside of the medium or its container

for a document in a non-paper medium.  If part of a document contains confidential information, the entire document may be so designated.

3.      In the event that a Party does not designate Documents or portions thereof as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY at the time such Documents or portions thereof are disclosed, produced, transcribed or filed, the Party has not waived its right to later designate said Documents or portions thereof as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY, provided that such Party notifies all other Parties that such Documents or portions thereof should have been designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY.

4.      In the event, at any stage of the proceedings, any Party to this action disagrees with the designation of any information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY, the Parties shall first try to resolve such dispute in good faith on an informal basis.   If the dispute cannot be resolved informally, the Party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials.  The Party challenging the confidentiality of the information shall have the burden of establishing that the information is not entitled to confidential treatment.

5.      The Parties to this Discovery Confidentiality Order shall not disseminate or disclose information or material designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY except as set forth herein.  Disclosure of documents identified as CONFIDENTIAL shall be limited to the Parties, Counsel for the Parties, Counsel's investigators and legal and clerical assistants, and those persons described in paragraph 6 below who are necessary to the prosecution or defense of this Action. Disclosure of documents identified as

3

CONFIDENTIAL ATTORNEYS EYES ONLY shall be limited to only those persons described in paragraph 7 below who are necessary to the prosecution or defense of this Action.

6.      Documents identified as CONFIDENTIAL shall not be used or disclosed for any purpose whatsoever, whether for profit or otherwise, other than for the purpose of litigating this Action or any appeals therefrom, and may be disclosed by the Party receiving them only to the following:

   a.   Counsel, including in-house counsel, to the Parties to this Action and any employees and agents working under Counsel's direction on this Action;

   b.   The Parties to this Action, including their respective officers, directors or employees, and the Parties' auditors, financial advisors, insurer and/or reinsurers, but only to the extent required in connection with this Action;

   c.   Insurers, reinsurers, retrocessionaires, government regulators, and/or auditors to whom the Parties have a regulatory, statutory or contractual obligation to transmit or report information concerning this Action;

   d.   The Court, court personnel and the jury in this action;

   e.   Court reporters and their assistants and clerical employees retained by any Party to record and/or transcribe testimony given in connection with this Action to the extent disclosure is necessary to enable such reporters to perform their recording and/or transcribing functions;

   f.   Any expert, investigator, or consultant (including his or her employees or agents) retained in good faith by a Party for the purpose of analyzing data, conducting studies or investigations, or providing advice or opinions to assist in this Action, provided that such persons agree to be bound by the provisions of this Discovery Confidentiality Order and have executed the Understanding and Agreement in the form annexed hereto at Exhibit A, and then only to the extent necessary in connection with this Action;

   g.   Witnesses at deposition or trial, and the witnesses' counsel, if the documents identified as CONFIDENTIAL are reasonably necessary and related to their anticipated testimony, provided that such persons agree to be bound by the provisions of this Discovery Confidentiality Order and have executed the Understanding and Agreement in the form annexed hereto at Exhibit A, and then only to the extent necessary in connection with this Action;

   h.   Personnel of reproduction (including information technology) services engaged by counsel for a Party to this Action to make copies of Documents

and/or provide technical assistance for the management of Documents, provided that such reproduction service has in place commercially reasonable confidentiality policies that, at a minimum, forbid personnel from disclosing, without authorization, information with respect to which they perform reproduction and/or document management services.

7.    Documents identified as CONFIDENTIAL ATTORNEYS EYES ONLY shall not be used or disclosed for any purpose whatsoever, whether for profit or otherwise, other than for the purpose of litigating this Action or any appeals therefrom, and may be disclosed by the Party receiving them only to the following:

    a.   Counsel, including in-house counsel, to the Parties to this Action and any employees and agents working under Counsel's direction on this Action;

    b.   to the Court and its employees in this case, as well as court reporters;

    c.   to outside independent attorneys of record, their associated attorneys, paralegals, and clerical staff employed in the preparation and trial of this dispute; and

    d.   to a testifying or consulting expert retained by counsel to furnish technical or other expert services or to give testimony, or otherwise to prepare for the trial of this dispute.

8.    Each person, excluding counsel of record, the Court, court personnel, and the jury, who is given access to documents identified as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY pursuant to Paragraphs 6 and 7, shall be advised that (i) the CONFIDENTIAL INFORMATION is being disclosed pursuant to and subject to the terms of this Discovery Confidentiality Order and may not be disclosed other than pursuant to the terms hereof, and (ii) the violation of the terms of the Discovery Confidentiality Order may constitute contempt of a court Order.

9.    At trial, CONFIDENTIAL INFORMATION may be used in accordance with the Federal Rules of Evidence, but the Parties shall exercise all reasonable care not to disclose such

information needlessly and the parties reserve the right to request and appropriate order of the court to maintain the confidentiality of the information at trial.

10.     Deposition testimony by any Party to this case or any employee or agent of a Party to this case containing or reflecting CONFIDENTIAL INFORMATION is to be governed by the terms of this Discovery Confidentiality Order. All deposition testimony shall be deemed confidential for a period of 60 days after counsel's receipt of a copy of the transcript. The Parties shall identify those portions, if any, of the deposition which are to remain confidential within sixty (60) days of receipt of the transcript. If another Party wishes to challenge the confidentiality designation, the challenging Party shall, within sixty (60) days or receipt of the confidentiality designation, identify those designated portions of the deposition that it believes should not remain confidential. Resolution of any such dispute regarding confidentiality shall be governed by the provisions of paragraph 4 above.

11.     All originals and copies of the CONFIDENTIAL INFORMATION, together with any extracts or summaries thereof, shall be returned to the producing Party, or destroyed within one hundred and twenty (120) days of the final disposition of this litigation, whether by dismissal, settlement, judgment or appeal, and any notes or other records regarding the CONFIDENTIAL INFORMATION shall be destroyed.

12.     The Parties shall have an additional extension of one hundred and twenty (120) days for good cause shown to return or destroy all originals and all reproductions of any CONFIDENTIAL INFORMATION. If destroyed, Counsel destroying such Documents shall certify to Counsel for the producing Party that the CONFIDENTIAL INFORMATION was destroyed and the manner of destruction. If a Party requests that any CONFIDENTIAL INFORMATION that it produced be returned or destroyed, that Party shall maintain all

CONFIDENTIAL INFORMATION and shall, after reasonable notice from another Party, make the CONFIDENTIAL INFORMATION available for inspection and review to any Party's insurer, reinsurer and/or retrocessionaire subject to the terms of this Discovery Confidentiality Order. Insofar as the provisions of this Discovery Confidentiality Order restricts communication and use of the CONFIDENTIAL INFORMATION produced hereunder, such Discovery Confidentiality Order shall continue to be binding after the conclusion of this Action and any appeals therefrom.

13.     Counsel and the Parties may retain in their litigation files all Documents containing information derived from any Documents designated as CONFIDENTIAL (such as deposition transcripts and answers to interrogatories) and CONFIDENTIAL ATTORNEYS EYES ONLY, but Counsel and the Parties shall not, without written permission of the Party who designated such Documents as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY or order of the Court, disclose any Documents containing information derived from any CONFIDENTIAL INFORMATION in its files to any other person or entity except those entities set forth in Paragraph 6 and 7, respectively.

14.     Prior to filing any CONFIDENTIAL INFORMATION with the Court, the filing party shall consult with the designating party to determine whether filing under seal is necessary. If the designating party determines that filing under seal is necessary, such filings shall be in sealed envelopes, each of which shall bear the case number of this action and a statement substantially in the following form:

"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY"
This envelope contains documents protected from disclosure under a Discovery Confidentiality Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court except by Order of the Court.

7

15.     Nothing in this Discovery Confidentiality Order shall restrict a Party from disclosing CONFIDENTIAL INFORMATION that such Party has designated as CONFIDENTIAL INFORMATION to any person or entity.  Such disclosure, however, shall not constitute a waiver of the CONFIDENTIAL INFORMATION treatment accorded to such Documents or information contained therein under this Discovery Confidentiality Order unless the disclosing Party states in writing that its intention is that such disclosure shall constitute a waiver of the CONFIDENTIAL INFORMATION designation.

16.     The execution of this Discovery Confidentiality Order shall not be construed as an agreement by any Party to produce or supply any information, as a waiver by any Party of its right to object to any discovery sought by any other Party or as a waiver of any privilege.  Production, receipt, or designation of information pursuant to this Discovery Confidentiality Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any Party that such information is relevant or material to any other issue in this case.

17.     The Parties acknowledge that any unauthorized use or disclosure of CONFIDENTIAL INFORMATION is a violation of this Discovery Confidentiality Order.  The Parties acknowledge that, in the event of such breach or threatened breach, the injured Party shall be entitled to immediate injunctive relief without the necessity of posting a bond, together with any other remedies to which the injured Party is entitled.

18.     In the event that CONFIDENTIAL INFORMATION  is subpoenaed or sought pursuant to any form of mandatory legal process by a person or entity who is not a signatory to this Discovery Confidentiality Order, it shall be the responsibility of the Party receiving such subpoena or other process, promptly upon receipt thereof, to notify counsel of record herein, and to make available to counsel for any Party a copy of such subpoena or other process so that

8

counsel may timely seek a protective order or other means of protecting the confidentiality of the information sought to be compelled.  No Party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the original producing Party or an order of a Court of competent jurisdiction.

19.    Non-parties to this action may avail themselves of the protections of this Discovery Confidentiality Order, and may designate materials produced by them as CONFIDENTIAL INFORMATION pursuant to the terms of this Order.   This Discovery Confidentiality Order shall apply with equal force to documents and information produced by non-parties to this action, and when any party to this action serves a subpoena, it shall provide this Confidentiality Order to that third party.

20.    The entry of this Discovery Confidentiality Order shall be without prejudice to the rights to the Parties to apply for additional or different protection where it is deemed necessary, or to seek whatever relief is available to them under the Federal Rules of Civil Procedure and Local Civil Rules of the Rules of the United States District Court for the District of New Jersey, or under other applicable laws or rules.

21.    This Discovery Confidentiality Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the Parties may petition the Court to modify or amend its terms.

22.    The prohibitions of this Discovery Confidentiality Order which restrict the disclosure and use of CONFIDENTIAL INFORMATION shall continue to be binding upon all Parties after the conclusion of this Action and any appeals therefrom.

9

FOX ROTHSCHILD LLP
*Attorneys for Plaintiff Healey Alternative
Investment Partnership*


By:   /s/ Ernest Edward Badway
        Ernest Edward Badway

Dated:  April 17, 2012


KATTEN MUCHIN ROSENMAN LLP
*Attorneys for Defendants*


By:   /s/ William M. Regan
        William M. Regan

Dated:  April 17, 2012

**SO ORDERED:**

Hon. Karen M. Williams, U.S.M.J.


Dated:  April 26, 2012

10

**EXHIBIT A**

**UNDERSTANDING AND AGREEMENT CONCERNING THE DISCOVERY
CONFIDENTIALITY ORDER**

     I, the undersigned, have received and read a copy of the Discovery Confidentiality Order with respect to the action captioned *Healey Alternative Investment Partnership v. Royal Bank of Canada and RBC Dominion Securities Corporation a/k/a RBC Capital Markets Corporation,* United States District Court for the District of New Jersey, Case No.: 1:10-01567 (RMB) (KMW).   I hereby agree to be bound by the terms of the Discovery Confidentiality Order.

Dated: _____

 

_____
[signature]

 

_____
[print name]

 

_____
_____
_____
[address]

11