IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HEALEY ALTERNATIVE INVESTMENT PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL BANK OF CANADA, et al.,<br><br>Defendants. | Civil Action No.: 10-1567-RMB-KMW |

**REVISED SCHEDULING ORDER**

    This Revised Scheduling Order comes pursuant to the joint request of the parties to extend the deadlines set forth in the **July 13, 2012 Scheduling Order**; and the Court having reviewed the joint letter submitted by counsel dated October 17, 2012;

    IT IS this 22nd day of **October, 2012**, hereby **ORDERED**:

    1.    Pretrial factual discovery is hereby extended to **January 17, 2012**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

    3.    **Depositions**.  All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa. 1993).

    4.    All expert reports and expert disclosures pursuant to FED. R. Civ. P. 26(a) (2) on behalf of plaintiff shall be served upon counsel for defendant not later than **February 22, 2012**. All expert reports and expert disclosures pursuant to FED. R. Civ. P. 26(a) (2) on behalf of defendant shall be served upon counsel for plaintiff not later than **March 26, 2013**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **April 16, 2013**.

    For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion

as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. Civ. P. 26(a) (2) (B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

5. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **May 16, 2013** ~~TO BE DETERMINED~~ Opposition to the motion should be served in a timely fashion. Counsel are to follow L. Civ. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

6. The Court will conduct a telephone status conference on *January 3, 2013* at *10:30* a.m./p.m. Counsel for plaintiff shall initiate the telephone call. *The telephone conference scheduled for October 24, 2012 at 11:30 a.m. is adjourned.*

7. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. Civ. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. Civ. P. 16(f).**

KAREN M. WILLIAMS
United States Magistrate Judge

cc:   Hon. Renée Marie Bumb