

**Fox Rothschild LLP**
ATTORNEYS AT LAW

75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068-1600
Tel 973.992.4800  Fax 973.992.9125
www.foxrothschild.com

Ernest Edward Badway
Direct Dial: (973) 994-7530
Email Address: ebadway@foxrothschild.com

December 7, 2012

**VIA ECF AND REGULAR MAIL**

Honorable Karen M. Williams
United States Magistrate Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

      Re:    **Healey Alternative Investment Partnership v. Royal Bank of Canada et al.**
             **Case No.: 1:10-01567 (RMB) (KMW)**

Dear Magistrate Judge Williams:

      We represent plaintiff Healey Alternative Investment Partnership ("Healey") in the above-referenced matter. Pursuant to Local Civil Rule 37.1, Healey hereby requests a conference and/or permission to file a motion to compel to resolve certain discovery issues relating to defendants, Royal Bank of Canada and RBC Dominion Securities Corporation, a/k/a RBC Capital Markets Corporation (collectively, "RBC"), refusal to produce responsive documents in this case.

      Healey seeks discovery from RBC pertaining to Healey's investments for the time period of January 1, 2008 through at least August 2012. RBC has almost entirely limited its production to documents for the period September 1, 2008 through March 2011. The parties have had extensive discussions on these issues as is required by this Court's rules. Our last meeting to confer was by telephone conference on November 29, 2012. Despite all efforts, the parties have been unable to reach a resolution, thus, precipitating Healey's current request to this Court.

      Initially, this discovery dispute relates to the call option investment Healey purchased from RBC, memorialized in a Cash-Settled Equity Barrier Call Option agreement, dated November 22, 2002 ("Agreement"). Pursuant to the Agreement, RBC issued regular reports on the value of Healey's overall investment. Healey redeemed this investment by submitting instructions to RBC requesting that the individual components of the investment be redeemed for cash. Critically, Healey started to make redemption requests months before it sent a September

Hon. Karen M. Williams
December 7, 2012
Page 2

19, 2008 email ("September 2008 Email"), wherein it requested that all of its remaining hedge fund positions be redeemed for cash. Healey served RBC with discovery requests for documents and correspondences relating to these investments and its redemption requests during the life of the Agreement. RBC objected to the scope, and, in early July 2012, two and half months *before* RBC's major production, Healey compromised, limiting its request to documents from January 1, 2008 to present. RBC did not formally respond. Later, when Healey reviewed RBC's production in October 2012, it was clear RBC had ignored Healey's compromise offer, refusing to produce any documents prior to September 1, 2008 based on the September 2008 Email.

RBC's unilateral and unjustified limitation on the scope of discovery is improper. Documents leading up to the September 2008 Email are extremely probative of RBC's valuation methods and overall performance under the Agreement, especially considering that Healey started making redemption requests months before that email. RBC does not deny this fact. RBC's course of conduct regarding Healey's investments and redemption requests prior to September 2008 are undoubtedly discoverable. In fact, the Honorable Renee Marie Bumb stated in her September 23, 2011 opinion that "Plaintiff is entitled to proceed on this claim [breach of contract] and pursue related discovery on whether Defendants have made their calculations, and corresponding payouts, of what is 'due and owing' to Plaintiff on a prospective basis and in a good faith and commercially reasonable manner." (9/23/11 Opinion, p.13). RBC's refusal to produce such discovery is, therefore, completely unwarranted.

Additionally, despite previously agreeing to produce responsive documents through March 2012, RBC admits it inadvertently limited its internal email searches to March 2011. RBC now refuses to correct its own error. RBC admits that it still owes money to Healey, and, thus, discovery through at least August 2012 is necessary and justifiable.

Accordingly, Healey seeks an order directing RBC to produce responsive documents from January 2008 through August 2012. We thank the Court for its consideration of this matter.

Respectfully submitted,

Ernest Edward Badway

cc: All Counsel of Record (via ECF)