NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HEALEY ALTERNATIVE INVESTMENT PARTNERSHIP,<br><br>              Plaintiff,<br><br>     v.<br><br>ROYAL BANK OF CANADA and RBC DOMINION SECURITIES CORPORATION a/k/a RBC CAPITAL MARKETS CORPORATION,<br><br>              Defendants. | Civil Action No.<br>10-CV-1567 (RMB-KMW)<br><br>**SUPPLEMENTAL OPINION** |

    On March 19, 2013, with the consent of the parties, this Court conducted a settlement conference in the above-captioned matter.  During the conference, it became apparent that there was confusion by the parties regarding the Court's prior opinions [Docket Nos. 23, 43] denying in part and granting in part the Defendants' motions to dismiss.  In light of this confusion, the Court directed the parties to submit letter briefs outlining their respective understandings of the prior opinions.  The parties timely filed submissions as directed. [Docket Nos. 84, 85].

    In its prior Opinions, this Court sought to reconcile the facts that:

    (1)   the agreement at issue did not require Defendants to mirror Plaintiff's basket;

   (2)   the agreement called for the final value of each
         fund in the basket to be based upon the amount:
         "that actually would be received upon complete and
         final settlement of liquidation or redemption by a
         hypothetical beneficial owner thereof assuming such
         beneficial owner properly submitted a notice of full
         liquidation or redemption to such Hedge Fund on the
         [Termination Date] with instructions to liquidate or
         redeem such Hedge Fund as soon as possible"; and

   (3)   the agreement called for the Defendants to make any
         valuation determinations in a good faith and
         commercially reasonable manner.

It reconciled these provisions by concluding, as a matter of

law, based on Plaintiff's Amended Complaint (the "Complaint")

and the parties' agreement, which was attached thereto, that:

   (1)   Plaintiff was only entitled to a valuation of the
         amount that would actually be redeemed by an actual
         investor who submitted a liquidation notice at the
         same time as Plaintiff[1];

   (2)   the fact that Defendants did not necessarily have to
         mirror Plaintiff's basket signaled that the
         agreement contemplated Defendants <u>potentially</u> having
         to make final valuations, without conclusive
         information, by <u>projecting</u> the amount they would
         receive if they had mirrored Plaintiffs'
         investments;

   (3)   it was an open question, in light of Point 2 and the
         agreement's good faith and commercial reasonableness
         requirement, whether, where Defendants did mirror

---

[1] That conclusion was consistent with Plaintiff's Complaint, which alleged that Defendants were obligated to "determine the amount that Healey actually would have received upon complete and final settlement of liquidation or redemption by a hypothetical beneficial owner of each Hedge Fund, assuming such beneficial owner properly submitted a notice of full liquidation or redemption to such Hedge Fund on September 19, 2008, with instructions to liquidate or redeem such Hedge Fund as soon as possible." (Amended Complaint ¶ 38).

        Plaintiff's basket and Defendants' own investments were still subject to holdbacks of indefinite duration, it was commercially reasonable for them to delay making final valuation determinations until they had conclusive valuation information based on their own investments being redeemed; and

(4)   it would be improper, where a final value of a fund was <u>known</u> and <u>fixed</u> but holdbacks or other issues prevented repayment to Defendants, for Defendants to fail to make a final valuation determination.

Applying these legal conclusions to Plaintiff's claims, the Court determined that:

(1)   Plaintiff had failed to plausibly state a claim that it was entitled to the valuations within the September 2008 basket report, since that report consisted of estimates of the then-existing valuations of the hedge funds and would be stale by the time a hypothetical investor with Plaintiff's positions would actually have its investments redeemed; and

(2)   Plaintiff had plausibly stated a claim, in light of the significant amount of time since Plaintiff had requested redemptions and Defendants' ability to produce interim valuation reports, that Defendants had failed to calculate final valuations in a good faith and commercially reasonable time frame.

Accordingly, this Court permitted Plaintiff to proceed on its claim that Defendants failed to make final valuations in a good faith and commercially reasonable time frame.  This leaves several issues that will require resolution through summary judgment or at trial:

(1) the relevance of the parties' past final valuation practices[2];

(2) whether Defendants have subsequently made final valuation determinations for any of the funds at issue and whether Plaintiff's claims on those funds are moot as a result[3];

(3) to the extent Plaintiff's claims are not moot, whether Defendants failed to make final valuation determinations in a good faith and commercially reasonable time frame[4]; and

(4) assuming Plaintiff prevails on this claim, determining the amount an actual investor who submitted a redemption request at the same time as

---

[2] Plaintiff has proffered that Defendants regularly produced final valuations without waiting until their own investments were redeemed. In turn, Defendants contend that this happened only on rare occasions, for the Plaintiff's convenience, where they were able to match Plaintiff's investment decision to sell with another customer's decision to buy. Because these past practices were not alleged in the Complaint, this Court did not have an opportunity to address them in its prior Opinions and past final valuation practices will be an appropriate issue for summary judgment briefing.

[3] Those claims may be moot for two reasons, both of which should be addressed by the parties in any summary judgment briefing. First, the only claim this Court permitted to go forward was based on a failure to make final valuation determinations and <u>not</u> based on an improper final valuation determination. Second, assuming Defendants mirrored Plaintiff's investment decisions and produced final valuations using the amounts they actually recovered, the amounts they recovered would, by definition, capture the amounts that actually would be redeemed by an actual investor. In that vein, the Defendants should also address whether Defendants expect that final valuations will be able to be determined based on Defendants' redemptions in the near future and, if they are expected to be, whether it would be prudent to simply await those determinations rather than go to trial.

[4] As indicated in this Court's prior Opinion, investment illiquidity, or other factors that could cause hedge fund hold backs or otherwise make determination of a final valuation more difficult, could potentially be appropriate factors in assessing the reasonableness of Defendants' conduct.

>    Plaintiff would ultimately receive when its request was redeemed.[5]

This Court previously scheduled a settlement conference for June 7, 2013.  However, Plaintiff indicated, in its supplemental submission, that a supplemental opinion adopting Defendants' position would not foster settlement discussion and would instead likely necessitate an appeal.  In light of this representation, and the fact that this Supplemental Opinion largely adopts Defendants' position, there would be little utility in holding the scheduled settlement conference.  Therefore, the settlement conference is CANCELLED.

The parties should instead: (1) meet and confer to discuss the completion of discovery and a briefing scheduling for dispositive motions; and (2) contact Judge Williams with a proposed schedule.  They shall do so on or before May 17, 2013.  If Plaintiff's position with respect to the utility of settlement discussions changes, and Defendants remain amenable to such discussions, the parties should so advise the Court.

---

[5]  In the supplemental briefing, Plaintiff argued that the September 2008 basket report would be probative on this issue.  Contrary to Plaintiff's contention, the September 2008 basket report would likely be excluded as more prejudicial than probative and overly confusing, since the figures within that report are now nearly five years old.

                                                        /s/Renée Marie Bumb
                                                        RENÉE MARIE BUMB
                                                        United States District Judge

Dated: May 8, 2013