

**Fox Rothschild LLP**
ATTORNEYS AT LAW

75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068-1600
Tel 973.992.4800  Fax 973.992.9125
www.foxrothschild.com

Ernest Edward Badway
Direct Dial:  (973) 994-7530
E-mail Address:  ebadway@foxrothschild.com

June 14, 2013

**VIA ECF AND FEDERAL EXPRESS**
Honorable Renée Marie Bumb
United States District Judge
United States Courthouse & Post Office
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, New Jersey 08101

      Re:    **Healey Alternative Investment Partnership v. Royal Bank of Canada and RBC Dominion Securities Corporation a/k/a RBC Capital Markets Corporation, Case No.: 1:10-01567 (RMB) (KMW)**

Dear Judge Bumb:

      Plaintiff, Healey Alternative Investment Partnership ("Healey"), respectfully submits this brief response to the letter filed by defendants Royal Bank of Canada and RBC Dominion Securities Corporation a/k/a RBC Capital Markets Corporation (collectively, "RBC") today, June 14, 2013.

      RBC accuses Healey of failing to abide by the Court's Supplemental Opinion, issued May 8, 2013.  To the contrary, Healey understands and respects the Court's decision, and it is that very decision that is the basis for Healey's focused requests for further discovery from RBC.  The Supplemental Opinion adopted an interpretation of the parties' Agreement with which Healey does not agree and which Healey regards as a significant refocusing of the issues in this case.  Of course, Healey fully accepts the Court's ruling, and it would be unfair to handcuff Healey with the discovery it sought under the Court's prior September 23, 2011 opinion.  Healey's previous agreement to limit discovery to documents and information after January 2008 was an accommodation offered by Healey because of RBC's extreme recalcitrance in discovery—an accommodation that RBC fought tooth and nail until it was urged to reconsider by Magistrate Judge Williams.

Honorable Renée Marie Bumb
June 14, 2013
Page 2


  Moreover, RBC mischaracterizes Healey's position.  First, Healey does not seek "each and every document that in any way related to the Call Opinion."  As Exhibit A to RBC's letter shows, the discovery Healey seeks is focused on documents related to the actual movement of money by RBC between itself, hedge funds, and Healey's account.  Further, *the Court's Supplemental Opinion acknowledged the relevance of this information*.[1]  Second, RBC trumpets the amount of pages it has produced in discovery but the vast, vast amount of that information has nothing to do with Healey, and even less of it goes to what is now the key issue in this case: how RBC invested in, communicated with, and allocated money received from hedge funds in Healey's basket.  Even for the timeframes that RBC has already produced discovery, documents on these issues is extremely lacking.  Third, the "Core Redemption Files" are inadequate because they only provide information concerning RBC's final redemption requests; they do not show, for example, RBC's initial investment in the fund, interim communications, or interim changes to RBC's/Healey's position, and they shed little to no light on how those redemptions correlate to the values provided by RBC to Healey or the actual payments made to Healey.  Finally, even if it is true, as RBC contends, that under the Court's ruling, this litigation is to "focus on the few funds currently remaining in Healey's Basket" (to which RBC is able to assign an "estimated value" of $2,908,558.43 but which have not been paid out to Healey in the *years* since the Agreement terminated), clearly RBC's treatment of *other* funds is relevant to determining whether RBC's treatment of the funds purportedly at issue is reasonable.

  There is nothing "remarkable" about Healey's position—Healey is reacting to the refocusing (not expansion) of this litigation that derives from the Supplemental Opinion.  RBC seeks to punish Healey for the discovery accommodations Healey extended to RBC prior to these changed circumstances.  RBC makes no argument the sought-after discovery is outside Healey's discovery requests, and the only discovery dispute previously brought to the Court's attention was resolved in Healey's favor.  As such, RBC's attempt to deprive Healey of relevant discovery by appealing directly to Your Honor should be rejected.  Discovery is still ongoing and RBC's request for an order barring Healey from seeking any further written discovery is inappropriate (especially as depositions have not even occurred).  Healey should be allowed to present this discovery issue to Judge Williams under the procedures provided by the Local Rules.

  Healey too appreciates the time the court has devoted to this matter and looks forward to any guidance the Court might provide.

---

[1] The Court stated that the "parties' past final valuation practices" and Healey's allegation that RBC "regularly produced final valuations without waiting until their own investments were redeemed" are potentially relevant going forward (ECF No. 87, p. 4).  RBC's past valuation practices is the exact topic on which Healey seeks further information.

Honorable Renée Marie Bumb
June 14, 2013
Page 3

      We thank the Court for its consideration of this matter.

                    Respectfully submitted,

                    Ernest Edward Badway

cc:    All Counsel of Record (*via* ECF)
       Honorable Karen M. Williams (*via* ECF and Federal Express)